UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

CHRISTOPHER J. VELTHUYSEN,

        Plaintiff,          Case No. 2:10-cv-168

v.          Honorable Robert Holmes Bell

PAM BASAL et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Discussion**

I.        Factual allegations

Plaintiff presently is incarcerated at Marquette Branch Prison (MBP). He sues MBP Resident Unit Officer Pam Basal and registered nurse Shannon Montgomery. In his *pro se* complaint, Plaintiff alleges that Defendant Basal searched his cell on June 30, 2010 and found some non-prescription allergy pills. He claims that Basal gave him a false substance abuse ticket after Defendant Montgomery falsely identified the pills as restricted medication. As a result of the ticket, Plaintiff was placed in segregation for nineteen days. (Compl., Page ID #1-2, docket #1.)

On July 2, 2010, the Hearings Investigator determined that the pills were not prescription pills, but were available for purchase from the prison store. (Attach. B to Compl., Page ID #11, docket #1-1.) Plaintiff also submitted a "statement of facts" indicating that the pills were not prescription, but that he had obtained them from another inmate. (*Id.*, Page ID ##12-13.)

At the Major Misconduct Hearing on July 19, the Hearing Officer found that the medication was over the counter medication. However, the Hearing Officer also found that Plaintiff admitted to having taken these pills from another inmate. He therefore changed the charge to possession of contraband, found Plaintiff guilty, and gave Plaintiff five days loss of privileges. (*Id.*, Page ID #7.)

Plaintiff seeks damages for each day he was placed in segregation, punitive damages and costs and fees. (Compl., Page ID ##2-3.)

II.       Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic*

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Ashcroft*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff's complaint, construed liberally, raises allegations that Defendants violated the Eighth Amendment and the Substantive Due Process Clause by falsifying evidence leading to his placement in segregation for nineteen days. *See Haines*, 404 U.S. at 520-21.

### A. Eighth Amendment

The Eighth Amendment prohibits punishments that are not only physically barbaric, but also those which are incompatible with "the evolving standards of decency that mark the progress of a maturing society," or which "involve the unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 102-103(1976). To establish an Eighth Amendment claim, the prisoner must show that he was deprived of the "minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Conditions that are restrictive or even harsh, but are not cruel and unusual under contemporary standards, are not unconstitutional. *Id.* Thus, federal courts may not intervene to remedy conditions that are merely unpleasant or undesirable.

Placement in segregation is a routine discomfort that is "'part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Rhodes*, 452 U.S. at 347; *see also Jones v. Waller*, No. 98-5739, 1999 WL 313893, at *2 (6th Cir. May 4, 1999). Plaintiff may have been denied certain privileges as a result of his administrative segregation, but he does not allege or show that he was denied basic human needs and requirements. The Sixth Circuit has held that without a showing that basic human needs were not met, the denial of privileges as a result of administrative segregation cannot establish an Eighth Amendment violation. *See Bradley v. Evans*, No. 98-5861, 2000 WL 1277229, at *8 (6th Cir. Aug. 23, 2000); *Collmar v. Wilkinson*, No. 97-4374, 1999 WL 623708, at *3 (6th Cir. Aug.11, 1999). Accordingly, Plaintiff fails to state an Eighth Amendment claim against Defendants.

## B. Substantive Due Process

Plaintiff implies Defendants violated his substantive due process rights because Defendant Montgomery falsely identified the confiscated pills as restricted medication for which Plaintiff did not have a prescription so that Defendant Basal could give Plaintiff a false misconduct ticket.[1] Plaintiff alleges that he was unjustly placed in segregation for nineteen days as a result of Defendants' actions.

The Fourteenth Amendment protects only against abuse of executive power which "shocks the conscience," *Sperle v. Mich. Dep't Corr.*, 297 F.3d 483, 491 (6th Cir. 2002) (citing *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 841 (1998), or an "egregious abuse of governmental power," *Cale v. Johnson*, 861 F.2d 943, 950 (6th Cir. 1988). As the Supreme Court held, "the due process guarantee does not entail a body of constitutional law imposing liability whenever someone cloaked with state authority causes harm." *Draw v. City of Lincoln Park*, 491 F.3d 550, 556 (6th Cir. 2007) (quoting *Lewis*, 523 U.S. at 848). In some cases, a plaintiff's claims that defendants wholly fabricated evidence in order to justify a major misconduct ticket and placement in administrative segregation may be sufficient to state a substantive due process claim. *See e.g.*, *Scott v. Churchill*, 377 F.3d 565 (6th Cir. 2004) (providing false testimony against a prisoner violated substantive due process); *Cale*, 861 F.2d 943 (concluding that the plaintiff's allegations that the defendants maliciously framed him for an offense, thereby subjecting him to a risk of prolonged incarceration resulting from the loss of good-time credits demonstrated an egregious abuse of governmental power sufficient to support a substantive due process violation."); *Robinson v. Unknown Schertz*, 2007 WL

---

[1] Plaintiff makes no allegations of retaliation by Defendants or violations of his procedural due process rights under *Wolff v. McDonnell,* 418 U.S. 539 (1974).

4454293, at *1 (W.D. Mich. 2007) (same). Unlike those cases, Plaintiff's major misconduct was not wholly fabricated by Defendants. By his own admission, Plaintiff was in possession of a contraband substance, a minor misconduct violation. The fact that Defendants misidentified the contraband as a restricted substance does not rise to the level of an egregious abuse of governmental power. Therefore, Plaintiff's allegations are insufficient to state a substantive due process claim.

**Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.

Dated: September 22, 2010         /s/ Robert Holmes Bell
                                  ROBERT HOLMES BELL
                                  UNITED STATES DISTRICT JUDGE